IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL AND MICHELLE BURTON, | § | CASE NO. 13-41669 |
| | § | (Chapter 7) |
| DEBTORS | § | |

## MOTION TO APPROVE SETTLEMENT AGREEMENT

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Christopher J. Moser, Trustee ("Trustee") files his Motion to Approve Settlement Agreement ("Motion") as follows:

### Background

1. On July 3, 2013 (the "Date of Bankruptcy"), Michael and Michelle Burton ("Debtors") filed with this Court a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. Christopher J. Moser is the acting Chapter 7 Trustee of the Debtors' bankruptcy estate.

3. The Debtors own 90% of the stock of Worldwide Nutrition Group, Inc. ("WWNG") and the remaining 10% of WWNG stock is owned by the Debtors' daughter.

4. WWNG is an international distributor of Herbalife products.

5. The Trustee contends that the Debtors' daughter acquired 10% of the stock of WWNG (the "Transfer") from the Debtors in April, 2012.

6. Trustee has alleged that the Transfer is an avoidable transfer since under the provisions of the Bankruptcy Code since there was no consideration paid for the Transfer. The Debtors dispute this allegation in that they assert that the stock was not transferred by the Debtors, but was an original issue of stock to the Debtor's daughter by WWNG.

7. The Trustee has alleged that several transfers from the Debtors' bank accounts and/or

brokerage statements which were made within 90 days of the Date of Bankruptcy are avoidable under the provisions of the Bankruptcy Code (the "90 Day Transfers"). The Debtors dispute this allegation.

8. The Trustee has asserted that a post-petition deposit of approximately $9,000.00 into the Debtors' bank account is property of the estate (the "Deposit"). The Debtors dispute this allegation.

9. The Trustee has asserted that the Debtors have non-exempt assets which need to be turned over to the Trustee (the "Non-exempt Property"). The Debtors dispute this allegation.

### Proposed Settlement Agreement

10. The Trustee and Debtors have engaged in settlement discussions in an effort to resolve all the issues in the Debtors' bankruptcy case.

11. The Debtors have offered to pay the Trustee the amount of $20,000.00 to resolve all the issues in their bankruptcy case, including but not limited to, issues relating to the Transfer, the 90 Day Transfers and the Non-exempt Property. The $20,000.00 would be paid by the Debtors to the Trustee by the Debtors making five consecutive monthly payments of $4,000.00 per month commencing on February 15, 2014 and continuing on the 15th day of each month thereafter until the Trustee has received the total amount of $20,000.00. The specific terms of the proposed settlement agreement are incorporated into the Settlement Agreement which is attached hereto as Exhibit "A".

### Relief Requested

12. The Trustee respectfully requests the Court to: (i) exercise its discretion pursuant to Bankruptcy Rule 9019(a) and approve the Trustee's entry into the Settlement Agreement and (ii) authorize the Trustee to sign whatever documents are necessary to consummate the Settlement Agreement.

13. Bankruptcy Rule 9019(a) provides, "on motion by the Trustee and after a hearing on notice to

creditors ... the Court may approve a compromise or settlement." Approval of the compromise is specifically "committed to the sound discretion of the Bankruptcy Court." River City vs. Herpel, (In re Jackson Brewing Co.), 624 F.2d 599, 602-603 (5th Cir. 1980).

14. The compromise contained herein meets the standard set forth in Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. vs. Anderson, 390 U.S. 414, Reh'g denied, 391 U.S. 909 (1968) ("TMT Trailer Ferry"). In TMT Trailer Ferry, the United States Supreme Court stated that the following factors are to be considered in determining the appropriateness of a compromise:

    a. The probabilities of ultimate success should the claim be litigated;

    b. An educated estimate of (i) the complexity, expense, and likely duration of such litigation, (ii) the possible difficulties of collecting on any judgment which might be obtained; and (iii) all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

    c. The comparison of the terms of the compromise with likely rewards of litigation.

TMT Trailer Ferry, 390 U.S. at 424-25. Further, In re Jackson Brewing, 624 F.2d at 602, the Fifth Circuit specified other considerations, e.g., (i) uncertainties of fact and law which impact the probability of success and litigation, and (ii) delay and inconvenience which impacts the complexity/duration of the litigation.

15. The compromise described herein clearly meets the standards established by the United States Supreme Court and Fifth Circuit. Accordingly, the proposed Settlement Agreement should be approved.

    **WHEREFORE, PREMISES CONSIDERED** Trustee prays that this Court authorize the Trustee to enter into the Settlement Agreement and that Trustee be granted such other and further

relief to which he may be justly entitled.

          Respectfully submitted,

          QUILLING, SELANDER, LOWNDS,
          WINSLETT & MOSER, P.C.
          2001 Bryan Street, Suite 1800
          Dallas, Texas 75201-4240
          (214) 880-1805 (Telephone)
          (214) 871-2111 (Facsimile)

          By:*/s/ Christopher J. Moser*
             Christopher J. Moser

          ATTORNEYS FOR TRUSTEE

## NOTICE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER**.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion has been served via first class mail, postage prepaid, on this 24th day of January, 2014, upon all parties on the attached matrix.

          */s/ Christopher J. Moser*