# COMPROMISE SETTLEMENT
# AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Compromise Settlement Agreement and Mutual Release of Claims (the "Agreement") is entered into by and between Christopher J. Moser, the Trustee ("Trustee") of the Bankruptcy Estate of Michael and Michelle Burton and Michael Burton and Michelle Burton ("Debtors") (collectively, the Debtors and the Trustee will be referred to as the "Parties").

WHEREAS, on July 3, 2013 (the "Date of Bankruptcy"), the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division, in a case styled and numbered: *In re: Michael and Michelle Burton*, Case No. 13-41669 (the "Bankruptcy Case"); and

WHEREAS, Christopher J. Moser is the acting Chapter 7 Trustee of the Debtors' bankruptcy estate; and

WHEREAS, the Debtors own 90% of the stock of Worldwide Nutrition Group, Inc. ("WWNG") and the remaining 10% of WWNG stock is owned by the Debtors' daughter. WWNG is an international distributor of Herbalife products; and

WHEREAS, the Trustee contends that the Debtors' daughter acquired 10% of the stock of WWNG (the "Transfer") from the Debtors in April, 2012 for no consideration such that the Transfer is an avoidable transfer under the provisions of the Bankruptcy Code; and

WHEREAS, the Trustee has alleged that several transfers from the Debtors' bank accounts and/or brokerage statements which were made within 90 days of the Date of Bankruptcy are avoidable under the provisions of the Bankruptcy Code (the "90 Day Transfers"); and

WHEREAS, the Trustee has asserted that a post-petition deposit of approximately $9,000.00 into the Debtors' bank account is property of the estate (the "Deposit"); and

WHEREAS, the Trustee has asserted that the Debtors have non-exempt assets which need to be turned over to the Trustee (the "Non-exempt Property"); and

WHEREAS, the Debtors have denied all allegations of the Trustee and deny any and liability for the Transfer, the 90 Day Transfers, the Deposit, and the Non-exempt Property; and

WHEREAS, the Trustee wishes to compromise all claims and causes of action which he may have against the Debtors relating to the Transfer, the 90 Day Transfers, the Deposit, and the Non-exempt Property or the Bankruptcy Case.

NOW, THEREFORE, in consideration of the mutual promises and agreements herein contained, including the recitals set forth hereinabove, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by all parties, the parties agree as follows:

# EXHIBIT "A"

1. <u>Payment</u>.   The Debtors, Michael Burton and Michelle Burton shall pay to Christopher J. Moser, the Trustee of the Bankruptcy Estate of Michael Burton and Michelle Burton, the total sum of TWENTY THOUSAND AND NO/100 DOLLARS ($20,000.00) ("Full Settlement Payment"), which sum shall be paid in five consecutive monthly payments with the first payment of $4,000.00 due on or before February 15, 2015 and each consecutive payment of $4,000.00 due on or before the 15th day of the next 4 consecutive months until the Trustee has received the Full Settlement Payment.

2. <u>Trustee Release</u>.   Subject to the approval of this Settlement Agreement by the Bankruptcy Court and the Trustee's receipt of the Full Settlement Payment described in paragraph 1, Christopher J. Moser, Trustee, hereby releases, acquits and forever discharges Michael Burton and Michelle Burton, and their respective executors, officers, directors, shareholders, agents, employees, partners, attorneys, and persons, natural or corporate, in privity with them or any of them, from any and all claims or causes of action of any kind whatsoever, at common law, statutory or otherwise, now existing and directly or indirectly, related to or arising from the Transfer, the 90 Day Transfers, the Deposit, the Non-exempt Property and the Bankruptcy Case.

3. <u>Debtors' Release</u>.   The Debtors, Michael Burton and Michelle Burton hereby release, acquit and forever discharge Christopher J. Moser, Trustee and his executors, officers, directors, shareholders, agents, employees, partners, attorneys, and persons, natural or corporate, in privity with them, or any of them, from any and all claims or causes of action of any kind whatsoever, at common law, statutory or otherwise, now existing and directly or indirectly related to or arising out of the Transfer, the 90 Day Transfers, the Deposit, the Non-exempt Property and the Bankruptcy Case.

4. <u>Governing Law.</u>  This Agreement shall be governed and construed in accordance with the laws of the State of Texas.

5. <u>Consideration for the Agreement.</u>  The Parties hereby covenant and agree that the promises and covenants received by each party to this Agreement constitute good and valuable consideration and that the exchange of such releases and other promises and covenants made a part of the is Agreement constitute good consideration to support the duties, rights, obligations and forbearances of each party to this Agreement.

6. <u>Counterparts.</u>  This Agreement may be executed in two (2) or more counterparts; and each counterpart, when so executed and delivered, shall constitute an original instrument, and all such separate counterparts shall constitute but one and the same instrument.

7. <u>Integration and Entire Agreement.</u>  This Agreement, and any other documents or exhibits referred to herein and which form an integral part hereof, contains the entire understanding of the Parties hereto with respect to the subject matter contained herein and therein. This Agreement supersedes all prior or contemporaneous representations, discussions, agreements and understandings among the Trustee and the Debtors.

8. <u>Amendments.</u>  This Agreement may not be changed orally, but only by an agreement in writing signed by the Parties.

9. <u>Nonadmissions Disclaimer.</u>  The Parties agree that this Agreement shall not constitute an admission of liability by any party and it is entered into only in the interest of settling various claims and disputes, by between and among the Parties and to save any additional cost and expense inherent in resolving such claims and disputes through litigation.

10. <u>Costs.</u>  Each of the Parties agree to bear their own costs and expenses incurred in connection with defending and prosecuting any claim, cause of action or liability between them or incurred in connection with consummating the term of this Agreement.

11. <u>Binding Effect.</u>  The Parties agree that this Agreement shall be binding on each party and each party's heirs, devises, successors, assigns and personal representatives.

12. <u>Representations.</u>  Each of the Parties represents that as of the day hereof, subject to Bankruptcy Court approval, they have the authority to execute this Agreement and to undertake whatever actions are required to consummate the terms of this Agreement. The Parties further represent and acknowledge that they have consulted with legal counsel in connection with this Agreement; has carefully read and understood the provisions of this Agreement; and after having consulted with counsel, have willingly and with full knowledge entered into this settlement; and this Agreement is not subject to fraud, duress or overreaching.

13. <u>No Strict Construction.</u>  This Agreement is the result of substantial negotiations between the Parties and their counsel, and has been prepared by the joint efforts of their respective attorneys. Accordingly, the fact that counsel for one party or another may have drafted the Agreement or any portion of it is immaterial, and this Agreement shall not be strictly construed against any party.

                                    CHRISTOPHER J. MOSER, TRUSTEE
OF THE BANKRUPTCY ESTATE
OF MICHAEL AND MICHELLE BURTON

By: _____
     Christopher J. Moser, Trustee

STATE OF TEXAS      §
                           §
COUNTY OF DALLAS  §

     BEFORE ME, the undersigned Notary Public, on this day personally appeared Christopher J. Moser, Trustee, known to me to be the person whose name is subscribed to the foregoing instrument; and that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated.

     GIVEN UNDER MY HAND AND SEAL OF OFFICE, this \_\_ day of _____ 2014.

[S E A L]                                  _____
                                            Notary Public in and for the State of Texas

MICHAEL BURTON


By:_____
               Michael Burton

STATE OF TEXAS      §
                              §
COUNTY OF _____ §

      BEFORE ME, the undersigned Notary Public, on this day personally appeared Michael Burton, known to me to be the person whose name is subscribed to the foregoing instrument; and that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated.

      GIVEN UNDER MY HAND AND SEAL OF OFFICE, this __ day of _____, 2014.


[S E A L]                                      _____
                                              Notary Public in and for the State of Texas

MICHELLE BURTON

By:_____
Michelle Burton

STATE OF TEXAS    §
                  §
COUNTY OF _____ §

    BEFORE ME, the undersigned Notary Public, on this day personally appeared Michelle Burton, known to me to be the person whose name is subscribed to the foregoing instrument; and that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE, this __ day of _____, 2014.

[S E A L]    _____
                             Notary Public in and for the State of Texas