IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL AND MICHELLE BURTON, | § | CASE NO. 13-41669 |
| | § | (Chapter 7) |
| DEBTORS | § | |

**FINAL APPLICATION FOR**
**ALLOWANCE OF FEES AND EXPENSES OF DOHMEYER VALUATION CORP**

**Notice**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**TO THE HONORABLE BRENDA T. RHOADES, U. S. BANKRUPTCY JUDGE:**

Dohmeyer Valuation Corp ("Applicant" or "DVC") the valuation expert employed by Christopher J. Moser, Chapter 7 Trustee ("Trustee") files its Final Application for Allowance of Fees and Expenses ("Application") as follows:

I.

**EMPLOYMENT AND PRIOR COMPENSATION**

1. On July 3, 2013 ("Date of Bankruptcy"), Michael and Michelle Burton ("Debtors") filed with this Court a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. Christopher J. Moser is the acting Chapter 7 Trustee of the Debtors' bankruptcy estate.

3. DVC was employed as Trustee's valuation expert effective as of August 20, 2013.

## II.

## CASE STATUS

4. The Trustee is currently holding approximately $19,800.00 of cash in the estate.

5. The Trustee has administered all of the estate assets and is in a position to close the case.

## III.

## VALUATION EXPERT'S FEES AND EXPENSES

6. From August 20, 2013 through November 4, 2014, the Trustee has incurred professional fees in the amount of $1,575.00 with respect to DVC's services.

7. Exhibit "A", which is attached hereto and incorporated herein by reference for all purposes, conveys the following information for the time period of August 20, 2013 through November 4, 2014: (a) the number of hours worked by each professional and staff member on a particular day, (b) the manner and type of work performed by each professional and staff member, (c) the customary billing rate for each person rendering service in this matter, and (d) the monetary value assigned to each task performed by a given professional and/or staff member. With respect to the fees and expenses set forth on Exhibit "A", DVC requests approval and allowance on a final basis of the amount of $1,575.00 representing the reasonable fees and expenses incurred in acting as valuation expert for the Trustee during the time period of August 20, 2013 through November 4, 2014.

## IV.

## FIRST COLONIAL FACTORS

8. In support of this request for allowance of compensation and reimbursement of expenses, DVC respectfully directs this Court's attention to those factors generally considered by Bankruptcy Courts in awarding compensation to professionals for services performed in connection with the administration of a debtor's estate, as enumerated in Section 330 of the Bankruptcy Code and developed by case law. Specifically, Section 330 provides, *inter alia,* that the allowance of professional compensation should be based upon the time, nature, extent and value of the services rendered as well as consideration of the cost of comparable services rendered in a non-bankruptcy context. The controlling authority in the Fifth Circuit is *Matter of First Colonial Corporation of America*, 544 F.2d 1291 (5th Cir. 1977). *First Colonial, supra,* identified twelve (12) factors which should govern this Court's decision. Those factors as applied to the services rendered in this case by DVC are addressed below.

(a) <u>The Time and Labor Required</u>. DVC respectfully refers the Court's attention to <u>Exhibit "A"</u> which details the involvement of DVC's professionals in this case since August 20, 2013. The period covered by this Application spans approximately fifteen (15) months within which a total of more than 6.30 hours of professional time has been expended at a blended hourly rate of $250.00. DVC believes that all of the services performed are compensable in that they represent actual and necessary services performed in representing the Trustee in this case.

(b) <u>The Novelty and Difficulty of the Questions</u>. Many of the tasks reflected in <u>Exhibit "A"</u> involved factual questions which were of moderate difficulty.

(c) <u>The Skill Requisite to Perform the Service</u>. DVC believes that a valuation expert unfamiliar with bankruptcy cases would have been required to spend considerably more hours than DVC's professionals to perform the same tasks.

(d)    <u>The Preclusion of Other Employment Due to Acceptance of the Case</u>. DVC has not declined any representation solely because of its service as valuation expert for the Trustee in this case.

(e)    <u>The Customary Fee</u>. The hourly rates sought herein are commensurate with the rates charged and approved in other bankruptcy proceedings pending in the Eastern District of Texas. The hourly rate charged by the professionals of DVC who worked on this case is as follows:

| Name | Position | Rate/Hour |
|---|---|---|
| Robert M. Dohmeyer | Senior Valuation Expert | $250.00 |

(f)    <u>Whether the Fee is Fixed or Contingent</u>. DVC's fee is fixed insofar as monies exist in the estate from which to pay such fees. At the time DVC was employed in this case, the Debtor's bankruptcy estate had no cash to pay for professional fees and expenses.

(g)    <u>Time Limitations Imposed by the Client or Other Circumstances</u>. The time requirements of this case have been moderate. Since retention of DVC by the Trustee, DVC has seldom been required to devote a large portion of professional time to the matters relating to the case.

(h)    <u>The Amount Involved and the Results Obtained</u>. The Debtors listed the value of the Debtors' interest in the company as zero on the Debtors' schedules. DVC's appraisal of the Debtor's renovation and construction business is substantially above the Debtors' listed value of zero. The Trustee relied upon DVC's analysis to sell the business back to the Debtors, thus bringing a significant amount of cash into the bankruptcy estate.

(i)    <u>The Undesirability of the Case</u>. The representation of the Trustee incident to this case has not been undesirable other than the normal delays and risks associated with payment of legal fees by a Trustee in a Chapter 7 case.

(j) <u>The Nature and Length of the Professional Relationship with the Client</u>. DVC represented the Trustee in these proceedings prior to being retained as valuation expert.

(k) <u>Award in Similar Cases</u>. DVC believes that the fees requested in this case are less than or equal to those which have been awarded in similar cases pending in this District.

**WHEREFORE, PREMISES CONSIDERED**, DVC requests that this Court award DVC $1,575.00, that this Court authorize payment of the amount of $1,575.00 to DVC, and that DVC be granted such other and further relief, general or special, at law or in equity, to which DVC may show itself justly entitled.

Respectfully submitted,

CHRISTOPHER J. MOSER, TRUSTEE
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 – Telephone
(214) 871-2111 – Facsimile

By: */s/ Christopher J. Moser*
Christopher J. Moser
State Bar No. 14572500

CHAPTER 7 TRUSTEE

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2014, a true and correct copy of the foregoing instrument was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this bankruptcy case, and by regular U.S. first class mail, postage prepaid, on the parties listed on the attached mailing matrix.

*/s/ Christopher J. Moser*